```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
  MARISSA BROWN,

                                        Plaintiff,           ORDER ON MOTION TO COMPEL

              -against-                                      23-CV-9895 (JGLC)(KHP)

  RICHARD TROVATO,

                                        Defendant.
-----------------------------------------------------------------X
```

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Presently before the Court are Defendant Richard Trovato's motion to compel (ECF No. 37) and Plaintiff's Motion for a Protective Order (ECF No. 34). For the reasons discussed below, Trovato's motion is granted in part and denied in part and Plaintiff's motion is denied.

## BACKGROUND

This action arises out of an alleged rape that occurred in February 2007, when Plaintiff Marissa Brown was a freshman at New York University ("NYU"). Plaintiff went to a nightclub with friends who knew the promoter for the club, Defendant Richard Trovato. According to the Complaint, at some point during the evening, Trovato invited Plaintiff and her friends to a second dance club, an invitation they accepted. While at the second club, Trovato allegedly raped Plaintiff in the bathroom. Plaintiff went to a hospital later that night and the hospital performed a rape kit. Two weeks later Plaintiff reported the rape to the New York City Police Department ("NYPD"). The NYPD allegedly discouraged Plaintiff with proceeding with a criminal complaint and, consequently, Trovato was not criminally charged. The incident caused Plaintiff tremendous trauma and emotional harm that has impacted her to this day. Indeed,

Plaintiff transferred from NYU to a different school outside of New York after the incident and has been in therapy ever since.

Plaintiff brings common law claims for assault and battery and intentional infliction of emotional distress, as well as a claim under New York City's Victims of Gender-Motivated Violence Protection Act, N.Y.C. Admin. Code Title 9 (the "GMV Act"). Jurisdiction is based on diversity of citizenship because Plaintiff lives in Louisiana and Trovato lives in New York.

Trovato, who was previously represented, is now proceeding pro se. Trovato denies that he raped Brown. He has moved to compel responses to certain document requests and interrogatories. Specifically, he asks for identification of trial witnesses and expert witnesses, confirmation that Plaintiff has searched for and produced all relevant medical and police records, proposed trial exhibits, and the names of contact information of individuals with knowledge of Plaintiff's allegations.

Plaintiff's counsel responded to the motion stating that they have since provided most of the documents and responses in question and that the only remaining issue involves Trovato's request for HIPPA authorizations to obtain Brown's current mental health provider's records (as opposed to earlier, contemporaneous records that were already produced). Brown argues that her current mental health records should be protected from disclosure to Trovato, her alleged rapist, because such records are unnecessary and prejudicial and normally would only be produced on an attorneys' eyes-only basis because of their privileged nature and the sensitivity of turning over such records in a manner that would allow the alleged rapist to evaluate his victim's psychological trauma. Brown argues that even though her emotional state

2

is at issue, her current mental health records are not necessary to show emotional harm from the rape and, alternatively, that she is willing to produce redacted records to remove portions of her therapist's notes that do not pertain to her rape/rapist but rather concern other aspects of her life that may have been addressed with her therapist (e.g., marital issues). Plaintiff's counsel also submitted a proposed protective order than contemplates that information previously produced or to be produced as attorneys' eyes only be submitted to the Court for *in camera* review and need not be produced to Trovato unless ordered by the Court. As relevant here, Brown's current therapist is a licensed social worker.

## APPLICABLE PROCEDURAL RULES

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

Rule 37 governs a party's failure to make disclosures or cooperate in discovery and permits a party to move to compel disclosures and request appropriate sanctions. Fed. R. Civ. P. 37(a)-(b).

Rule 26(c)(1) provides that a court may issue a protective order on good cause to protect a party from embarrassment or oppression, among other things. Further, the Court

3

may issue a protective order to protect privileged information from disclosure. In diversity cases such as this, the Court looks to state law for determining privilege. *E.g., AIU Ins. Co. v. TIG Ins. Co.*, No. 07 Civ. 7052(SHS)(HBP), 2008 WL 4067437, at *5 (S.D.N.Y. Aug. 28, 2008) (citations omitted) (applying New York law), *modified on reconsideration,* No. 07 Civ. 7052(SHS)(HBP), 2009 WL 1953039 (S.D.N.Y. July 8, 2009); *see also* Fed. R. Evid. 501. The party asserting privilege bears the burden of showing that it applies and has not been waived. *See, e.g.*, *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (citing *von Bulow ex rel. Auersperg v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987)); *Ambac Assur. Corp. v. Countrywide Home Loans, Inc.*, 57 N.E.3d 30, 34-35 (N.Y. 2016); *Pearlstein v. BlackBerry Ltd.*, No. 13-CV-07060(CM)(KHP), 2019 WL 1259382, at *6 (S.D.N.Y. Mar. 19, 2019).

## DISCUSSION

This case is the unusual scenario where the defendant/alleged rapist is proceeding pro se in a civil suit. The records sought are normally treated as privileged pursuant to New York CPLR 4508. That law provides that a licensed social worker:

> shall not be required to disclose a communication made by a client, or his or her advice given thereon, in the course of his or her professional employment,. . . ; except 1. that such social worker may disclose such information as the client may authorize; 2. that such social worker shall not be required to treat as confidential a communication by a client which reveals the contemplation of a crime or harmful act; 3. where the client is a child under the age of sixteen and the information acquired by such social worker indicates that the client has been the victim or subject of a crime, the social worker may be required to testify fully in relation thereto upon any examination, trial or other proceeding in which the commission of such crime is a subject of inquiry; 4. where the client waives the privilege by bringing charges against such social worker and such charges involve confidential communications between the client and the social worker."

The purpose of the privilege is to encourage free communication between a patient and social worker therapist to obtain necessary and effective treatment. *Application to Quash a Subpoena Duces Tecum in Grand Jury Proceedings*, 1982, 56 N.Y.2d 348, 353, 452 N.Y.S.2d 361, 363, 437 N.E.2d 1118, 1120. Nevertheless, New York courts have acknowledged that the privilege can be waived if the patient puts their mental state at issue in a civil case. *See Lichtenstein v. Montefiore Hospital & Medical Center*, 1977, 56 A.D.2d 281, 285, 392 N.Y.S.2d 18, 21 (1st Dep't) (dictum; suggesting confidentiality of communication waived by bringing negligence suit).

There is a dearth of case law regarding the licensed social worker privilege and waiver, and no cases directly on point. Nevertheless, insofar as Plaintiff concedes she put her mental state at issue in this suit and is seeking damages for emotional harm and does not object to producing current records to show only those portions pertaining to treatment for ongoing emotional harm caused by the rape, I find that such records should be produced. The Court finds that Defendant does not need information regarding other issues that Plaintiff may have discussed with her therapist because if Plaintiff proves the claim that she was raped by Trovato, there necessarily is emotional trauma from such an assault and issues that have arisen long after the alleged rape that may be reflected in more recent therapist notes are not proportional to the needs of the case. For this reason, the Court agrees with Plaintiff that Plaintiff's current therapist's records can be redacted to show only information pertaining to emotional harm stemming from the rape.

While the Court acknowledges that it is unusual for the records to be produced directly to the alleged rapist, withholding the records which are relevant and proportional to the needs of the case would handicap defendant's ability to defend the case.  Similarly, while the Court appreciates the parties' apparent joint suggestion that Trovato retain an attorney for the sole purpose of reviewing documents labeled AEO, that arrangement does not resolve the underlying issue with the proposal – that it would not enable Trovato to utilize any of the records in his defense during a deposition or at trial.

Because the records are sensitive, they shall be maintained as confidential by Trovato. Trovato may not disclose the records to anyone other than any attorney he retains for purposes of representing him in this matter.  Trovato may not use the records except in defense of this action.

The Court finds there is no reason to enter the specific protective order proposed by Brown because the Court trusts that Brown's counsel can make the appropriate redactions and produce them in the normal course consistent with this Opinion and Order.

The remaining issues raised in Trovato's motion are moot or without merit.  Trovato's complaints regarding late production of records are without merit because discovery is ongoing and to the extent Plaintiff supplemented her production with additional records, such supplementation is required by the Federal Rules and appropriate.  Trovato provides no factual support for his assertion that Plaintiff has withheld relevant evidence.

**CONCLUSION**

For the reasons set forth above, Trovato's motion is granted in part consistent with this Opinion and Order and otherwise denied. Brown shall produce the social worker records in redacted form by October 17, 2024.

The parties shall file a status letter by November 7, 2024. Affirmative expert reports due November 7, 2024; rebuttal reports due December 7, 2024; expert discovery to be completed by December 15, 2024. No later than December 22, 2024, the parties shall file a letter with a proposed briefing schedule on any contemplated motion for summary judgment or, alternatively, stating that they are ready for trial. The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 37 and 43.

**SO ORDERED.**

Dated: September 23, 2024
         New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge