UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARISSA BROWN,

                         Plaintiff,

-against-

RICHARD TROVATO,

                         Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/4/2024

**23-CV-9895 (JGLC) (KHP)**

**ORDER REQUESTING
PRO BONO COUNSEL**

**Katharine H. Parker, United States Magistrate Judge:**

      The Court directs that the Clerk of Court seek pro bono counsel for Defendant to enter a limited appearance for the purpose of taking Plaintiff's deposition in the above-captioned action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

      Courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* But notably, a court has no authority to "appoint" counsel, and may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

      In this case, Defendant has been proceeding pro se after the Court granted his former lawyer's motion to withdraw due to Plaintiff's inability to pay. (ECF Nos. 28 and 29) Although Defendant has been able to adequately represent himself in this matter up to now, due to the allegations Plaintiff has made against him that include gender motivated violence, alleging that

Defendant forcibly raped her, Plaintiff has objected to be deposed by Defendant in person. To balance the Defendant's right to depose his accuser in person and the Plaintiff's concerns about being confronted by her alleged rapist, the Court has determined that the most prudent course of action is to appoint limited purpose pro bono counsel for purposes of deposing Plaintiff. Defendant has the right to be present during Plaintiff's deposition, but pro bono counsel shall conduct the questioning.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Defendant's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Pro bono counsel will not be obligated for any aspect of Defendant's representation beyond the matter described in this order. In particular, pro bono counsel will not be required to respond to a dispositive motion. In the event that the Plaintiff files a dispositive motion, pro bono counsel may seek appropriate relief, including an extension of Defendant's time to respond, or an expansion of pro bono counsel's role to include responding to the motion. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Defendant will end upon completion of Plaintiff's deposition.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Defendant in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Defendant or to the Court in this matter.

**CONCLUSION**

For the foregoing reasons, the Court requests pro bono counsel for Defendant to enter a limited appearance for the purpose of taking Plaintiff's deposition in the instant case. The Court advises Defendant that the process for securing pro bono representation can be lengthy. The Court circulates pending cases to the bar at regular intervals, after which an attorney must review the case and obtain necessary clearances before contacting the Defendant to discuss representation. For all these reasons, some time may pass before a litigant is contacted by an attorney; the process can be aided by Defendant's prompt response to any outreach. As the Court relies on volunteers, there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, Defendant should be prepared to proceed with the case pro se. The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

**SO ORDERED.**

Dated: November 4, 2024
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge