UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARISSA BROWN,

                                  Plaintiff,

            -against-

RICHARD TROVATO,

                                 Defendant.
-----------------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #:_____
DATE FILED: 1/11/2025

**ORDER ON MOTION FOR SANCTIONS**

23-CV-9895 (JGLC) (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

       On November 6, 2024, Defendant filed a Motion for Sanctions against Dennis Walsh and Patrick Sweeney, former or current New York Police Department ("NYPD") officers or employees, and any other former or current NYPD officer or employee who assisted them in "violating New York Criminal Procedure Law § 160.50, § 160.55, and § 160.59 by improperly accessing and disseminating sealed police records related to the Defendant." (ECF Nos. 86 and 87) On November 20, 2024, Plaintiff filed her Opposition to Defendant's Motion for Sanctions arguing that the motion is frivolous and unwarranted. (ECF Nos. 95 and 96) On November 30, 2024, Defendant filed his Reply to Plaintiff's Opposition arguing, among other things, that the sanctions are warranted given the severity of the misconduct. (ECF No. 97)

       A Court may impose sanctions against a party and its attorneys pursuant to 28 U.S.C. § 1927, Rule 11 of the Federal Rules of Civil Procedure, and its inherent power. It also may impose sanctions for discovery violations under Federal Rule of Civil Procedure 37.

       Under Section 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 is only applicable to attorneys or other persons authorized to practice before the courts and not against a party. *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). Section 1927 sanctions are imposed only "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011) (citation omitted).

Under Rule 11, a Court may impose sanctions against an attorney who files materials with the Court that are (1) presented for an improper purpose; (2) contain legal arguments that are not supported by existing law or that are frivolous; (3) contain factual contentions that have not been investigated or are not supported; or (4) contain denials that are not well-supported. Fed. R. Civ. P. 11(b)(1)-(4) and (c). Rule 11 sanctions may also be imposed against a represented party when the party "is responsible for the violation." Fed. R. Civ. P. 11(c)(1); *see Braun ex rel. Advanced Battery Techs., Inc. v. Zhiguo Fu*, 2015 WL 4389893, at *12 (S.D.N.Y. July 10, 2015).

Finally, a Court may impose sanctions against a party and its attorneys pursuant to its inherent power. To impose sanctions, a Court must find that there is clear evidence that "(1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith–that is, motivated by improper purposes such as harassment or delay." *United States v. Prevezon Holdings, Ltd.*, 305 F. Supp. 3d 468, 479 (S.D.N.Y. 2018) (quoting *Eismann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000)).

Here, Defendant fails to meet the requirements under 28 U.S.C. § 1927, Rule 11 of the Federal Rules of Civil Procedure, and the Court's inherent power for the Court to be authorized to impose sanctions against a party or its attorneys because he is seeking sanctions against non-parties. And, his motion does not concern any violation of discovery rules — it is permissible for parties to collect information from non-parties to use in their cases so long as they produce the materials to the other side.

In sum, there is no legal basis for imposing sanctions on the individuals Defendant asks this Court to sanction. Nor is there any basis for imposing sanctions on Plaintiff or her counsel for obtaining and producing information relevant to her case. Accordingly, Defendant's Motion for Sanctions is hereby DENIED. Defendant also is advised that he may be held responsible for fees and costs associated with frivolous motions under Rule 37 of the Federal Rules of Civil Procedure.

**The Clerk of Court is directed to mail a copy of this order to the Defendant. Further, the Clerk of Court is also directed to terminate the motion at ECF No. 86.**

SO ORDERED.

Dated:   January 11, 2025
         New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

3