# Richard Trovato

347 West 30th Street, Apt. 1A
New York, NY 10001
(917) 669-2669
richardtrovato13@gmail.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/28/2025
```

**VIA ECF**

The Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> The Court finds that the types of information Defendant proposes to be filed under seal are likely covered by the *Lugosch* standard. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (finding that courts may grant motions to seal where the parties make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and [sealing] is narrowly tailored to serve that interest"). Therefore, the Court preliminarily grants Defendant's request. However, to ensure Defendant's filings are in fact covered by *Lugosch*, Defendant is hereby directed to file the proposed redactions in accordance with the Court's rules **by July 31, 2025**.

**SO ORDERED:**

*/s/ Katharine H. Parker*     7/28/2025
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

Re:   *Brown v. Trovato*
      Case No. 1:23-cv-09895-PAE-KHP

**Notice of Intent to File Exhibits Under Seal for Motion for Summary Judgment**

Dear Judge Parker:

I write as the pro se Defendant in the above-captioned matter to respectfully request leave to file portions of my forthcoming motion for summary judgment under seal, pursuant to Local Civil Rule 79.3 and Your Honor's Individual Practices. The deadline for the motion is currently set for July 31, 2025, and I intend to submit a memorandum of law supported by numerous exhibits, several of which contain highly sensitive medical, psychiatric, and confidential investigative materials.

Specifically, the exhibits in question include:

- Mental health treatment notes from Plaintiff's therapy sessions (e.g., MB0103 through MB0137);
- Medical records from NYU Langone produced pursuant to HIPAA authorization;
- Expert witness reports quoting confidential psychological evaluations;
- Communications and documentation referencing sealed criminal record data and FOIL denials related to the NYPD Special Victims Division file.

These materials are integral to the summary judgment record and are necessary to demonstrate inconsistencies in Plaintiff's narrative, the lack of contemporaneous corroboration, and the evidentiary deficiencies that preclude her claims. However, public filing would risk disclosing private medical and psychological information in violation of HIPAA and federal privacy principles.

Accordingly, I respectfully request the Court's leave to file these sensitive materials under seal. I will file the memorandum of law and Rule 56.1 Statement on the public docket and, upon request, provide redacted public versions of exhibits or submit full unredacted copies to chambers or opposing counsel as the Court directs.

Thank you for your attention to this matter.

                                                Respectfully submitted,

                                                _____/s/_____
                                                Richard Trovato (*Pro Se*)
                                                347 West 30th Street, Apt. 1A
                                                New York, NY 10001
                                                (917) 669-2669
                                                richardtrovato13@gmail.com

CC via EFC

Mark Peters
Leslie Brovner
Jonathan Bunch
PETERS BROVNER LLP