

August 25, 2025

**VIA ECF**
The Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Plaintiff is hereby directed to file a Motion to Seal in accordance with the Court's rules in order for the Court to consider her sealing request. *See Individual Practices in Civil Cases, III. Formal Motions, d. Redactions and Filings Under Seal*, https://www.nysd.uscourts.gov/hon-katharine-h-parker).

SO ORDERED:

/s/ Katharine H. Parker   8/26/2025
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

Re:   *Trovato v. New York City Police Department, et al*
      **1:23-cv-09895-PAE-KHP**

Dear Judge Parker,

    We represent the Plaintiff, Marissa Brown ("Plaintiff"), in the above-captioned matter. Plaintiff intends to file a response in opposition to Defendant's Motion for Summary Judgment (Doc. No. 149) and two of Plaintiff's intended exhibits necessitate being filed under seal. We write now pursuant to Your Honor's Local Rule III.d. requesting to file these two exhibits under seal.

    As part of Plaintiff's response papers to Defendant's motion, undersigned counsel, Lesley Brovner, wishes to submit excerpts from Plaintiff's June 4, 2025, deposition transcript as well as a copy of Plaintiff's expert's March 27, 2025, Psychological Evaluation of Plaintiff as exhibits to demonstrate that there are genuine issues as to material facts in dispute. However, both documents contain certain of Plaintiff's health information – specifically, they discuss information concerning the past or present mental health or condition of Plaintiff as well as Plaintiff's treatment history.

    The party seeking to file a document under seal bears the burden of demonstrating that sealing is warranted. *DiRussa v. Dean Witter Reynolds, Inc*., 121 F.3d 818, 826 (2d Cir.1997). While there is a general presumption in favor of public access to judicial documents, district courts within the Second Circuit are to conduct a three-step inquiry prior to sealing judicial documents from public view. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). First, courts should determine whether the document is a judicial document. *Id.* "[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law— judicial documents" *Id*. at 121. Once a court determines that the subject document is a judicial

---

ADDRESS  139 Fulton St. Suite 132, NYC 10038
PHONE    917-639-3270
EMAIL    mpeters@petersbrovner.com
         lbrovner@petersbrovner.com
WEBSITE  petersbrovner.com

document, the court then evaluates the weight to be accorded the presumption of public access that attaches. *Id*. To this end, while "neither fundamental nor absolute[,]" courts have long "recognized [a] privacy interest in medical records." *U.S. v. Sattar*, 471 F.Supp.2d 380, 387 (S.D.N.Y. 2006) (citations omitted). *See also Valentini v. Grp. Health Inc.*, Case No. 20-cv-9526 (JPC), 2020 WL 7646892 at *2 (S.D.N.Y. Dec. 23, 2020) (noting that, generally, individuals "maintain[] significant privacy rights to [their] medical information," and courts "regularly seal" such information); *see also* S.D.N.Y. ECF Rule 21.4 (noting that "[c]aution should be exercised when filing […] medical records[,]" among others). Lastly, courts must "balance competing considerations," such as the privacy interests of litigants. *Lugosch*, 435 F.3d at 120. Such "competing considerations" are known to include "the privacy interests of those resisting disclosure." *Id.*

Here, the subject documents consist of (i) a transcript that includes Plaintiff discussing her own mental health history as diagnosed by her previous and current providers;[1] and (ii) Plaintiff's expert's review of Plaintiff's mental health history when combined with his other tests and evaluations of Plaintiff that he used to assess Plaintiff's mental and emotional damages resulting from her rape. Not only is such information regularly sealed from public access, as demonstrated above, but this particular information is essential to produce in response to Defendant's motion as it directly refutes Defendant's assertion that Plaintiff's "evidence fails at every element of [Intentional Infliction of Emotional Distress]" as she has "no sustained emotional harm, and no verified mental health history connected to the incident." (Doc. No. 150, p. 23).

Accordingly, we respectfully request permission to file these documents under seal as exhibits to a forthcoming affirmation from undersigned, Lesley Brovner.

                                                                   Respectfully submitted,

                                                                     /s/
                                                               Lesley Brovner

                                                               PETERS BROVNER LLP
                                                               Counsel for Plaintiff

Cc: Richard Trovato, Defendant *Pro Se*
      By ECF

---

[1] The transcript excerpts also contain testimony about the events of the rape itself, but as a single exhibit it would be difficult to seal only part of the excerpts.