USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/27/2025

**PETERS BROVNER LLP**

> The Court finds that the documents Plaintiff proposes to be filed under seal are covered by the *Lugosch* standard, as they reflect sensitive health information related to Plaintiff. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (finding that courts may grant motions to seal where the parties make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and [sealing] is narrowly tailored to serve that interest"). Therefore, the Court grants Plaintiff's request to file a redacted version of Plaintiff's June 4, 2025 deposition transcript adopting the proposed redactions and Plaintiff's Psychological Evaluation fully under seal as exhibits to Plaintiff's opposition to Defendant's Motion for Summary Judgment.
>
> SO ORDERED:
> /s/ Katharine H. Parker  8/27/2025
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE

**VIA ECF**
The Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Trovato v. New York City Police Department, et al*
**1:23-cv-09895-PAE-KHP**

Dear Judge Parker,

    We represent the Plaintiff, Marissa Brown ("Plaintiff"), in the above-captioned matter. Plaintiff intends to file a response in opposition to Defendant's Motion for Summary Judgment (Doc. No. 149) this Friday, August 29, 2025, and two of Plaintiff's intended exhibits necessitate being filed under seal. We write now pursuant to Your Honor's Local Rule III.d. requesting to file these two exhibits under seal.

    As part of Plaintiff's response papers to Defendant's motion, undersigned counsel, Lesley Brovner, wishes to submit excerpts from Plaintiff's June 4, 2025, deposition transcript as well as a copy of Plaintiff's expert's March 27, 2025, Psychological Evaluation of Plaintiff as exhibits to demonstrate that there are genuine issues as to material facts in dispute. However, both documents contain certain of Plaintiff's health information – specifically, they discuss information concerning the past or present mental health or condition of Plaintiff as well as Plaintiff's treatment history. Therefore, attached for the Court's review are the aforementioned exhibits with the relevant portions of Plaintiff's deposition transcript highlighted that undersigned seeks to seal as well as Plaintiff's expert's Psychological Evaluation that undersigned seeks to file in its entirety under seal.

    The party seeking to file a document under seal bears the burden of demonstrating that sealing is warranted. *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir.1997). While there is a general presumption in favor of public access to judicial documents, district courts

**PETERS BROVNER LLP**

ADDRESS  139 Fulton St. Suite 132, NYC 10038
PHONE    917-639-3270
EMAIL    mpeters@petersbrovner.com
         lbrovner@petersbrovner.com
WEBSITE  petersbrovner.com

within the Second Circuit are to conduct a three-step inquiry prior to sealing judicial documents from public view. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). First, courts should determine whether the document is a judicial document. *Id.* "[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents" *Id*. at 121. Once a court determines that the subject document is a judicial document, the court then evaluates the weight to be accorded the presumption of public access that attaches. *Id*. To this end, while "neither fundamental nor absolute[,]" courts have long "recognized [a] privacy interest in medical records." *U.S. v. Sattar*, 471 F.Supp.2d 380, 387 (S.D.N.Y. 2006) (citations omitted). *See also Valentini v. Grp. Health Inc.*, Case No. 20-cv-9526 (JPC), 2020 WL 7646892 at *2 (S.D.N.Y. Dec. 23, 2020) (noting that, generally, individuals "maintain[] significant privacy rights to [their] medical information," and courts "regularly seal" such information); *see also* S.D.N.Y. ECF Rule 21.4 (noting that "[c]aution should be exercised when filing […] medical records[,]" among others). Lastly, courts must "balance competing considerations," such as the privacy interests of litigants. *Lugosch*, 435 F.3d at 120. Such "competing considerations" are known to include "the privacy interests of those resisting disclosure." *Id.*

Here, the subject documents consist of (i) a transcript that includes Plaintiff discussing her own mental health history as diagnosed by her previous and current providers; and (ii) Plaintiff's expert's review of Plaintiff's mental health history when combined with his other tests and evaluations of Plaintiff that he used to assess Plaintiff's mental and emotional damages resulting from her rape. Not only is such information regularly sealed from public access, as demonstrated above, but this particular information is essential to produce in response to Defendant's motion as it directly refutes Defendant's assertion that Plaintiff's "evidence fails at every element of [Intentional Infliction of Emotional Distress]" as she has "no sustained emotional harm, and no verified mental health history connected to the incident." (Doc. No. 150, p. 23).

Accordingly, we respectfully request permission to file these documents under seal (or in the case of the transcript partially under seal) as exhibits to a forthcoming affirmation from undersigned, Lesley Brovner.

Respectfully submitted,

/s/
Lesley Brovner
PETERS BROVNER LLP

*Counsel for Plaintiff*

Cc: Richard Trovato, Defendant *Pro Se*
     By ECF