UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARISSA BROWN,

                Plaintiff,

    v.

RICHARD TROVATO,

              Defendant.

Case No. 1: 23-cv-09895-PAE-KHP

**AFFIRMATION OF LESLEY BROVNER**

Lesley Brovner, an attorney duly admitted to practice in the courts of the State of New York and in the Southern District of New York, hereby affirms under penalties of perjury as follows:

1. Along with Mark Peters, Jonathan Bunch and Peters Brovner LLP, I am counsel to Plaintiff Marissa Brown ("Plaintiff"), in this matter.

2. I submit this Affirmation, along with an accompanying Memorandum of Law in opposition to Defendants' Motion for Summary Judgement (Dkt. No. 149). I make this Affirmation either upon personal knowledge or upon consultation with my client and/or review of my client's documents.

3. On June 4, 2025, Defendant deposed Plaintiff wherein Plaintiff discussed her rape and the resulting events. The relevant portions of Plaintiff's deposition transcript are filed under seal and attached hereto as Exhibit A.

4. On October 29, 2024, Defendant deposed Ms. Antya Waegemann, who was with Plaintiff the night she was raped in February 2007. The relevant portions of Ms. Waegemann's deposition transcript are attached hereto as Exhibit B.

5.  On December 9, 2024, Defendant deposed Ms. Charlotte Lerman, née Bonner, who was also with Plaintiff on the night she was raped in February 2007.  The relevant portions of Ms. Lerman's deposition transcript are attached hereto as Exhibit C.

6.  On October 31, 2024, Defendant deposed Ms. Rebecca Stahl, one of Plaintiff's identified outcry witnesses who accompanied Plaintiff to the hospital in the hours following Plaintiff's rape.  The relevant portions of Ms. Stahl's deposition transcript are attached hereto as Exhibit D.

7.  On November 18, 2024, Defendant deposed Mr. Owen Brown, Plaintiff's father and the person who accompanied Plaintiff to report her rape to the New York Police Department on March 8, 2007.  The relevant portions of Mr. Brown's deposition transcript are attached hereto as Exhibit E.

8.  On January 28, 2025, Plaintiff deposed Mr. Patrick Purcell, a retired detective with the New York Police Department who interviewed Plaintiff following her rape in March 2007.  The relevant portions of Mr. Purcell's deposition transcript are attached hereto as Exhibit F.

9.  Plaintiff and Ms. Waegemann exchanged text messages from in or around August 2023 to in or around November 2023 that have previously been produced to Defendant during the discovery phase of these proceedings.  The relevant portions of these text messages are attached hereto as Exhibit G.

10. On November 1, 2024, Defendant deposed Ms. Maya Leeds, one of Plaintiff's identified outcry witnesses to whom Plaintiff disclosed her rape in the following days in either late February 2007 or early March 2007.  The relevant portions of Ms. Leeds deposition transcript are attached hereto as Exhibit H.

11. On November 4, 2024, Defendant deposed Ms. Julia Bakshi, one of Plaintiff's outcry witnesses to whom Plaintiff disclosed her rape in the following weeks in 2007. The relevant portions of Ms. Bakshi's deposition are attached hereto as Exhibit I.

12. On March 27, 2025, Plaintiff's expert witness submitted a Psychological Evaluation wherein he provided his professional assessment of Plaintiff's mental and emotional damages as a result of Plaintiff's rape. The Dr. Greif's report is filed under seal and attached hereto as Exhibit J.

13. Plaintiff has also provided Defendant with copies of hospital records following her rape, her NYPD police records from her reporting her rape approximately two weeks later, and copies of her mental health records, to the extent they still exist, that reflect Plaintiff's accounting of her rape to her mental health to her medical and mental health providers.

## Conclusion

14. The facts asserted herein, in addition to the facts and legal arguments against granting Defendant summary judgment in this case, are set forth in Plaintiff's Memorandum of Law in response in opposition to Defendant's motion for summary judgment.

15. For these reasons, and because Defendant has generally failed to demonstrate that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law, Defendant's motion for summary judgment must be dismissed under Federal Rule of Civil Procedure 56.

Dated: New York, New York
       August 29, 2025

                                        Respectfully submitted,
                                        _____/s/_____
                                        Lesley Brovner
                                        PETERS BROVNER LLP

3